**Rene FRANTZY, aka Johnny Rene Frantgy, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–71441.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 21, 2008.

Filed Jan. 22, 2009.

Rene Frantzy, Florence, AZ, pro se.

Robert B. Martin, III, Sidley Austin, LLP, San Francisco, CA, for Petitioner.

David V. Bernal, Assistant Director, Russell J.E. Verby, Esquire, Carol Federighi, Esquire, Senior Litigation Counsel, M. Jocelyn Lopez Wright, U.S. Department of Justice, Washington, DC, District Counsel

Phoenix, Esquire, Office of the District Director U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY and WARDLAW, Circuit Judges, and MILLS,* District Judge.

## MEMORANDUM **

Rene Frantzy, a native and citizen of Haiti, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying his application for deferral of removal under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Frantzy, although admitted to the United States as a lawful permanent resident, was subsequently convicted of aggravated assault with a firearm and placed in removal proceedings. The BIA did not err in concluding that Frantzy's conviction was for "a crime of violence" rendering Frantzy statutorily ineligible for asylum relief. *See* 8 U.S.C. § 1101(a)(43)(F). Nor did the BIA err in concluding that the nature and circumstances of Frantzy's crime rendered him statutorily ineligible for withholding of removal under either the Immigration and Nationality Act or CAT because the crime rose to the level of a "particularly serious crime." *See* 8

U.S.C. § 1231(b)(3)(B); 8 C.F.R. § 1208.16(d)(2).

Thus the only avenue of relief potentially available to Frantzy is deferral of removal under CAT based on his claim that he will be subjected to torture in a Haitian prison due to his status as a criminal deportee from the United States. *See* 8 C.F.R. § 1208.17(a). Neither the BIA nor the Immigration Judge ("IJ") erred in concluding that under *In re J–E–*, 23 I. & N. Dec. 291 (BIA 2002) (en banc), Frantzy had not demonstrated that his possible indefinite detention in a Haition prison constituted "torture" within the meaning of CAT. *See Villegas v. Mukasey*, 523 F.3d 984, 988 (9th Cir.2008); *Theagene v. Gonzales*, 411 F.3d 1107, 1113 (9th Cir.2005).

Substantial evidence supports the IJ's conclusion that Frantzy has family members in Haiti who may secure his release. Therefore, the BIA did not err in declining to disturb the IJ's decision and concluding that Frantzy failed to demonstrate that his particular circumstances render our controlling precedent inapposite.[1]

**PETITION DENIED.**

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Notwithstanding our application of binding precedent requiring the denial of relief, we commend counsels' briefing and oral argument, which were excellent, and appreciate their accepting pro bono representation in this matter.